**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Patrick J. Kane (SBN 033181)
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 509-6023
Facsimile: (858) 509-6040
patrick.kane@troutman.com

*Attorneys for Defendant,*
*Wells Fargo Bank, N.A*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Regenia Baines,<br><br>              Plaintiff,<br><br>       v.<br><br>Wells Fargo Bank, N.A.,<br><br>              Defendant. | Case No. 2:20-CV-00917-SPL<br><br>**WELLS FARGO BANK, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>**Honorable Steven P. Logan**<br><br>Complaint Filed: May 13, 2020<br><br>Trial Date: TBD |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), by its counsel, hereby submits its Answer and Affirmative Defenses ("Answer") to the Complaint ("Complaint") filed by Plaintiff Regenia Baines ("Plaintiff").

## INTRODUCTION

1.      The allegations set forth in Paragraph 1 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied. By way of further response, Wells Fargo denies it violated the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2.      The allegations set forth in Paragraph 2 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

3.      The allegations set forth in Paragraph 3 of the Complaint contain

statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

4. The allegations set forth in Paragraph 4 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

## PARTIES

5. Wells Fargo admits Plaintiff is a natural person. By way of further response, Wells Fargo is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 5 of the Complaint regarding Plaintiff's residency, and therefore denies the same.

6. The allegations set forth in Paragraph 6 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

7. In response to the allegations set forth in Paragraph 7, Wells Fargo states it is a national association with offices located at 420 Montgomery Street, San Francisco, California 94104. Wells Fargo denies any remaining allegations of Paragraph 7 of the Complaint.

8. The allegations set forth in Paragraph 8 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

9. The allegations set forth in Paragraph 9 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

## FACTUAL ALLEGATIONS

10. Wells Fargo is without information sufficient to form a belief about the truth and falsity of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies the same.

11. Wells Fargo is without information sufficient to form a belief about the

truth and falsity of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies the same.

12. In response to the allegations set forth in Paragraph 12 of the Complaint, Wells Fargo denies that it placed repeated harassing telephone calls to Plaintiff on his cellular telephone. Therefore, it denies the allegations in Paragraph 12 of the Complaint. Wells Fargo admits it has placed a calls to a number Plaintiff has identified as her telephone number.

13. The allegations set forth in Paragraph 13 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent any facts are alleged in this paragraph, such facts are denied.

14. Wells Fargo is without information sufficient to form a belief about the truth and falsity of the allegations set forth in Paragraph 14 of the Complaint, and therefore denies the same.

15. The allegations set forth in Paragraph 15 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

16. Wells Fargo denies the allegations set forth in Paragraph 16 of the Complaint.

17. The allegations set forth in Paragraph 17 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied. By way of further response, Wells Fargo denies it violated the TCPA.

18. Wells Fargo denies the allegations set forth in Paragraph 16 of the Complaint.

19. Wells Fargo is without information sufficient to form a belief about the truth and falsity of the allegations set forth in Paragraph 19 of the Complaint and therefore denies the same.

20. The allegations set forth in Paragraph 20 of the Complaint are denied.

## COUNT I

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

21. Wells Fargo adopts and incorporates its responses to the previous paragraphs as if fully set forth herein.

22. The allegations set forth in Paragraph 22 of the Complaint are denied.

23. The allegations set forth in Paragraph 23 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

24. The allegations set forth in Paragraph 24 of the Complaint are denied.

25. The allegations set forth in Paragraph 25 of the Complaint are denied.

26. The allegations set forth in Paragraph 26 of the Complaint are denied.

27. The allegations set forth in Paragraph 27 of the Complaint are denied.

Wells Fargo denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph following Paragraph 27, including Subparagraphs (a) through (e).

## DEMAND FOR JURY TRIAL

Wells Fargo admits that Plaintiff has demanded a jury trial.

Wells Fargo denies all allegations in the Complaint not specifically admitted in the paragraphs above. Wells Fargo reserves the right to amend its Answer to Plaintiff's Complaint as may be necessary.

## AFFIRMATIVE AND OTHER DEFENSES

Wells Fargo hereby sets forth the following defenses to the Complaint. By asserting the defenses below, Wells Fargo does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does Wells Fargo admit that Plaintiff is relieved of her burden to prove each and every element of her claims and the damages, if any, to which she is entitled.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred to the extent they are untimely under any applicable statute of limitations.

3. Plaintiff's claims are barred to the extent the purported Plaintiff is not a called party within the meaning of the TCPA.

4. Plaintiff's claims are barred because any calls alleged to have violated the TCPA occurred with prior consent.

5. Plaintiff is barred from recovery to the extent she has failed to mitigate any alleged damages.

6. Plaintiff's claims are barred to the extent any alleged injuries were the result, in whole or in part, of the conduct, negligence, acts, or omissions of Plaintiff.

7. Plaintiff's claims are barred to the extent they are precluded by any previous waivers or releases of claims, or by the application of res judicata, collateral estoppel, or any other doctrine of preclusion.

8. Plaintiff's claim is subject to set-off of any sums due and owing to Wells Fargo.

9. Plaintiff's TCPA claim is barred because, to the extent she claims to have revoked consent, the TCPA does not permit a party who agrees to be contacted as part of a bargained-for-exchange to unilaterally revoke consent. *See Reyes v. Lincoln Automotive Fin. Services*, No. 16-2104 (2d Cir. 2017).

10. Plaintiff cannot proceed on her claims in this Court to the extent she entered into a binding arbitration agreement pertaining to her claims with Wells Fargo.

### **RESERVATION OF DEFENSES**

Wells Fargo reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

WHEREFORE, Wells Fargo Bank, N.A., respectfully requests that the Court enter an Order: (1) dismissing with prejudice the Complaint against Wells Fargo Bank, N.A.; (2) awarding Wells Fargo Bank, N.A. its costs and expenses incurred herein; and (3) awarding Wells Fargo Bank, N.A. such further relief as the Court deems appropriate.

DATED: July 9, 2020                     **WELLS FARGO BANK, N.A.**

By: *s/ Patrick J. Kane*
Patrick J. Kane
**Troutman Pepper Hamilton Sanders LLP**
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 509-6023
Facsimile: (858) 509-6040
patrick.kane@troutman.com

*Attorney for Defendant*
*Wells Fargo Bank, N.A.*